896 F.2d 1367
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David L. QUINN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 89-3232.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 30, 1989.
Decided: Feb. 12, 1990.
 
 James A. McLaughlin (Susan K. McLaughlin, McLaughlin and Curry, on brief), for appellant.
 Jacquelyn Cusumano (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Chief, Social Security Litigation Division; Robert S. Drum, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services; William A. Kolibash, United States Attorney, Betsy C. Steinfeld, Assistant United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 David L. Quinn appeals from the judgment of a magistrate sustaining the Secretary's decision that he is not entitled to social security disability benefits. We affirm.
 
 I.
 
 2
 In May 1980 claimant was injured at the coal mine where he had worked for ten years at heavy, unskilled labor. He continued to work until September 24, 1980, when he determined that he could no longer work because of pain in his back. Claimant asserts that he suffers from constant pain in his lower back and hip, and that the pain creates difficulty in climbing steps, driving, walking, and severely limits his manual dexterity.
 
 
 3
 The administrative law judge (ALJ), whose decision became that of the Secretary and was affirmed by the magistrate, found that claimant could not perform his past relevant work but that he had the residual functional capacity to perform sedentary work. The ALJ based his finding upon medical evidence submitted by both parties and the testimony of a vocational expert, as well as the testimony of claimant.
 
 
 4
 On appeal, claimant argues that the ALJ's findings were not based on substantial evidence. Claimant contends that no substantial evidence supports the finding that he is literate, and that because he is functionally illiterate he should be considered disabled under the grids even if he is capable of the physical activities required by sedentary work.
 
 II.
 
 5
 The standard of review of an appeal from a denial of social security benefits is whether the final decision of the Secretary is supported by substantial evidence. 42 U.S.C. Sec. 405(g). Substantial evidence is evidence which "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The Secretary's decision should be affirmed if it is supported by substantial evidence even if an appellate court would reach a different result were it reviewing the case de novo. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir.1972). We conclude that substantial evidence existed to support the ALJ's findings that claimant retains the capacity to perform sedentary work.
 
 
 6
 The Secretary had the benefit of opinions from six examining doctors that claimant's back and hip pain would not have prevented him from performing sedentary work after he stopped working in September of 1980. The reports of two orthopedic specialists indicated that, despite the complaints of back, neck, and arm pain, claimant was capable of performing some types of gainful work activities. The vocational expert identified specific sedentary jobs, including those of machine tender, parts assembler, and clerical worker, which claimant would be capable of performing. The opinions of the doctors and the vocational expert are sufficient to meet the substantial evidence requirement, and, therefore, the magistrate properly adopted the ALJ's conclusion that claimant is not disabled within the meaning of the Social Security Act.
 
 
 7
 Claimant further contends that a functionally illiterate person is incapable of performing sedentary clerical duties, and that the evidence considered by the Secretary indicated that claimant is functionally illiterate. However, under the proper standard as stated in 20 C.F.R. Sec. 404.1564,* we conclude that substantial evidence existed to demonstrate that claimant is literate and therefore capable of performing sedentary work as determined by the Secretary. Claimant presented conflicting testimony regarding his level of literacy. However, claimant indicated on the record that he had eight years of formal schooling, that he spent a half hour per day reading the newspaper, and that he could read a grocery list and fill out a bank deposit slip. The Secretary's role is to resolve conflicts in the evidence and his findings should be upheld if they are supported by substantial evidence. Smith v. Schweiker, 795 F.2d 343 (4th Cir.1986). In light of the standard required for a finding of literacy by 20 C.F.R. Sec. 404.1564 and the lack of objective evidence in the record to corroborate claimant's inconsistent testimony regarding his literacy, we conclude that the ALJ correctly determined that claimant is literate within the regulatory definition. Furthermore, in addition to clerical work, the vocational expert enumerated other acceptable vocations which do not require the ability to read and write.
 
 
 8
 For the foregoing reasons, the magistrate properly adopted the ALJ's conclusion that claimant is not disabled within the meaning of the Social Security Act.
 
 
 9
 AFFIRMED.
 
 
 
 *
 20 C.F.R. Sec. 404.1564 provides, in relevant part, as follows:
 Illiteracy: Illiteracy means the inability to read and write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling.